Electronically Filed - Greene - May 17, 2021 - 05:54 PM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | |
|---|---|
| **SPRINGFIELD REMANUFACTURING CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO. _____** |
| ) | |
| **LEADING EDGE POWER SOLUTIONS, LLC.,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **BP-LEP HOLDINGS, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S PETITION

COMES NOW Plaintiff Springfield Remanufacturing Corp. ("SRC"), by and through counsel, and, for its Petition against Defendant Leading Edge Power Solutions, LLC ("Leading Edge"), and Defendant BP-LEP Holdings, LLC ("BP-LEP"), states as follows:

1.      As further detailed herein, SRC agreed to manufacture and sell to Leading Edge, and Leading Edge agreed to purchase, certain Products (the "Letter Agreement"). Thereafter, in an Assignment and Assumption Agreement (the "Assignment"), Leading Edge assigned its rights, obligations, liabilities, and interest in certain Purchase Orders and Invoices issued pursuant to the Letter Agreement to BP-LEP.

2.      As further detailed herein, Leading Edge has no legal right to seek remedies pursuant to the Letter Agreement relating to said Purchase Orders and Invoices because Leading Edge assigned its rights, obligations, liabilities, and interest in said Purchase Orders and Invoices completed pursuant to the Letter Agreement to BP-LEP, and SRC

EXHIBIT A

has fully performed the Letter Agreement with regard to said Purchase Orders and Invoices.

3.     As further detailed herein, SRC is entitled to declaratory relief (Count I). Additionally, SRC is entitled to damages due to Leading Edge's breach of the Letter Agreement (Count II).

## GENERAL ALLEGATIONS

4.     SRC is a Missouri corporation organized under the laws of the State of Missouri and having its principal place of business at 650 North Broadview Place, Springfield, Missouri 65802.

5.     Upon information and belief, Leading Edge is a limited liability company organized under the laws of the State of California, with offices located at 1278 Glenneyre Street #275, Laguna Beach, California 92651, which can be served via its Agent for Service of Process, Dag Wilkinson, at 34145 Pacific Coast Highway #200, Dana Point, California 92629.

6.     Upon Information and belief, BP-LEP is a limited liability company organized under the laws of the State of Delaware, with offices located at 2305 Cedar Springs Road, Suite 230, Dallas, Texas 75201, which can be served via its Registered Agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801.

7.     Additionally, Leading Edge has contractually agreed to be served via certified mail, return receipt requested, at: Leading Edge Power Solutions, LLC, 1278 Glenneyre Street, Laguna Beach, California 92651, Attention: President.

8.    Additionally, BP-LEP has contractually agreed to be served via certified mail, return receipt requested, at: BP-LEP Holdings LLC, 2305 Cedar Springs Road, Suite 230, Dallas, Texas 75201, Attention: Aleksander Szewczyk, with a copy to: Block Garden & McNeill, LLP, 5949 Sherry Lane, Suite 900, Dallas, Texas 75225, Attention: Warren W. Garden, Esquire.

9.    This Court has subject matter jurisdiction over this matter pursuant to Mo. Rev. Stat. § 527.010.

10.    Jurisdiction and venue are proper in this Court because Leading Edge and BP-LEP have contractually consented to jurisdiction and venue in the Circuit Court of Greene County, Missouri, and have expressly waived any objection to jurisdiction and venue in this Court.

11.    Moreover, Leading Edge and BP-LEP are subject to personal jurisdiction in the State of Missouri as this action arises out of Leading Edge's and BP-LEP's contacts with Missouri, in that it concerns contracts entered into and performed in the State of Missouri.

## ALLEGATIONS RELATED TO ALL COUNTS

12.    On or about May 23, 2019, SRC and Leading Edge entered into an agreement (the "Letter Agreement") in which SRC agreed to manufacture and sell to Leading Edge, and Leading Edge agreed to purchase, certain Products pursuant to the List of Products and Prices and the Terms and Conditions of Sale incorporated into and included with the Letter Agreement.  Upon leave from the Court, a copy of the Letter Agreement and the associated List of Products and Prices and Terms and Conditions of

Sale will be filed collectively under seal, due to confidentiality concerns, as **Exhibit 1** and incorporated herein by reference.

13.     As referenced in the Letter Agreement, Leading Edge and SRC worked together to design and prototype the WP13NG-US, a 240kW prime power, natural gas generator unit (the "Prototype Unit").  Letter Agreement at 1.  The Prototype Unit was one of the Products constituting the subject matter of the Letter Agreement.  Id.

14.     SRC did not agree at any point to manufacture, design, prototype, or sell generator units intended to operate at 240kW continuously, as opposed to at 240kW prime power.

15.     As referenced in the Letter Agreement, Leading Edge reviewed and accepted the Prototype Unit and the associated documentation and certifications.  Id.

16.     The Letter Agreement also permitted Leading Edge to issue purchase orders to SRC for the purchase of additional Products, both Units and Service Parts. Letter Agreement at 1, 3, and Exhibit A to the Letter Agreement.  The Letter Agreement acknowledged that any purchase orders issued by Leading Edge were firm commitments to purchase the Products described therein.

17.     Having agreed that the Prototype Unit satisfied Leading Edge's requirements, Leading Edge, pursuant to the Letter Agreement, issued three (3) Purchase Orders to SRC, dated May 30, 2019, pursuant to the Letter Agreement, for a total of fifteen (15) additional generator units and fifteen (15) additional electrical control boxes (collectively, the "Purchase Orders").  Upon leave from the Court, the Purchase Orders will be filed collectively under seal, due to confidentiality concerns, as **Exhibit 2** and incorporated herein by reference.

18.    Pursuant to the Letter Agreement, SRC accepted the Purchase Orders and notified Leading Edge of its acceptance of the Purchase Orders.

19.    Pursuant to the Letter Agreement, SRC then manufactured the fifteen (15) additional generator units and procured and incorporated into the units fifteen (15) additional electrical control boxes described in the Purchase Orders and delivered the same to Leading Edge at SRC's facility at 4727 East Kearney Street, Springfield, Missouri 65803 in accordance with the Letter Agreement and Purchase Orders.  §5 of Exhibit B to Letter Agreement at 6.

20.    Pursuant to the Letter Agreement, SRC then issued three (3) invoices to Leading Edge (collectively, the "Invoices") relating to the Purchase Orders.  The Invoices were identified as: (1) Invoice 201931768SR, dated June 1, 2019; (2) Invoice 201932400SR, dated June 30, 2019; and (3) Invoice 201933283SR, dated July 27, 2019. Upon leave from the Court copies of the Invoices will be filed collectively under seal, due to confidentiality concerns, as **Exhibit 3** and incorporated herein by reference.

21.    Each of the Invoices totaled $671,103.00, and the total amount due on the collective Invoices was $2,013,309.00.

22.    On or about February 21, 2020, SRC (as Obligor), Leading Edge (as Assignor), and BP-LEP Holdings, LLC ("BP-LEP") (as Assignee) entered into an Assignment and Assumption Agreement (the "Assignment"), in which Leading Edge assigned its rights, obligations, liabilities, and interest in the Purchase Orders and the Invoices to BP-LEP.  Upon leave from the Court, the Assignment will be filed under seal, due to confidentiality concerns, as **Exhibit 4** and incorporated herein by reference.

23.     In the Assignment, Leading Edge expressly retained its obligations and liabilities under the Letter Agreement relating to the Prototype Unit described in the Letter Agreement.  §2 of Assignment at 2.  Further, Leading Edge expressly reaffirmed and retained responsibility for all obligations and liabilities set forth in the Letter Agreement, including, without limitation, payment of the outstanding principal and interest due to SRC for the Prototype Unit described in the Letter Agreement.  Id.

24.     In the Assignment, Leading Edge affirmatively acknowledged "SRC/Obligor accepted, invoiced and fully performed the 2019 Purchase Orders in accordance with the Letter Agreement."  Assignment at 1 and §5 of Assignment at 2.

25.     BP-LEP, as the assignee of Leading Edge's rights, obligations, liabilities, and interest in the Purchase Orders and the Invoices, thereafter made payment to SRC for the fifteen (15) generator units and fifteen (15) electrical control boxes referenced in the Purchase Orders and the Invoices.

26.     To date, Leading Edge has not paid the outstanding principal amount of $53,746.00 and interest due to SRC for the Prototype Unit described in the Letter Agreement, despite SRC's complete performance of the Letter Agreement.

27.     Despite Leading Edge's assignment of its rights, obligations, liabilities, and interest in the Purchase Orders and the Invoices, and Leading Edge's failure to perform its obligations under the Letter Agreement with regard to the Prototype Unit, Leading Edge, on or about May 6, 2021, made a demand upon SRC purportedly seeking remedies under the Letter Agreement and applicable law.  Upon leave from the Court, a copy of the May 6, 2021, letter will be filed under seal, due to confidentiality concerns, as **Exhibit 5** and incorporated herein by reference.

Electronically Filed - Greene - May 17, 2021 - 05:54 PM

## COUNT I – DECLARATORY JUDGMENT

28.     SRC realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 27.

29.     A real and subsisting controversy exists between the parties hereto concerning the parties' rights, obligations, liabilities, and interests in the Letter Agreement and the Assignment, and the parties' performance, or lack thereof, of their respective obligations under the Letter Agreement and the Assignment.

30.     SRC has a legally protected interest directly at issue that can be addressed by declaratory relief, in that SRC is and was a party to the Letter Agreement and to the Assignment and is entitled to a declaration of the parties' respective rights, obligations, liabilities, and interests under the Letter Agreement and the Assignment.

31.     A ripe, justiciable controversy exists, in that Leading Edge has made demand upon SRC purportedly seeking remedies under the Letter Agreement with regard to the Purchase Orders and the Invoices, despite Leading Edge having assigned its rights, obligations, liabilities, and interest in the Purchase Orders and the Invoices to BP-LEP, and despite the fact that the 12-month limited warranty contained in the Letter Agreement has expired.

32.     SRC has fully performed its obligations under the Letter Agreement, in that it has manufactured, sold, and delivered the Products described in the Purchase Orders and the Invoices, pursuant to the terms of the Letter Agreement, and, as such, SRC has not breached the Letter Agreement.  SRC's complete performance was acknowledged by both Leading Edge and BP-LEP in the Assignment, which states, "SRC/Obligor accepted,

invoiced and fully performed the 2019 Purchase Orders in accordance with the Letter Agreement." Assignment at 1.

33.    SRC has no adequate remedy at law, in that an award of damages is inadequate to eliminate potential future litigation or controversy regarding the parties' rights, obligations, liabilities, and interests in the Letter Agreement and the Assignment, and the parties' performance, or lack thereof, of their respective obligations under the Letter Agreement and the Assignment.

WHEREFORE, SRC prays that this Court enter its declaratory judgment (1) construing the parties' rights, obligations, liabilities, and interests in the Letter Agreement and the Assignment as set forth therein; (2) declaring that Leading Edge has no legal right to seek remedies under the Letter Agreement relating to SRC's performance of the Letter Agreement with regard to the Purchase Orders and the Invoices because Leading Edge assigned its rights, obligations, liabilities, and interest in the Purchase Orders and the Invoices to BP-LEP; (3) declaring that the 12-month limited warranty contained in the Letter Agreement has expired; (4) declaring that SRC fully performed its obligations under the Letter Agreement and the Assignment; (5) declaring that Leading Edge breached the Letter Agreement; (6) ordering Leading Edge to perform its obligations under the Letter Agreement; (7) for SRC's attorney's fees and costs herein incurred, and for such further relief as the Court deems just and proper.

## **COUNT II – BREACH OF CONTRACT**

34.    SRC realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 33.

Electronically Filed - Greene - May 17, 2021 - 05:54 PM

35.     On or about May 23, 2019, SRC and Leading Edge entered into an agreement (the "Letter Agreement") in which SRC agreed to manufacture and sell to Leading Edge, and Leading Edge agreed to purchase, certain Products pursuant to the List of Products and Prices and the Terms and Conditions of Sale incorporated into and included with the Letter Agreement.  *See* **Exhibit 1**, to be filed under seal upon leave from the Court, and incorporated herein by reference.

36.     In particular, as part of the Letter Agreement, SRC agreed to sell the Prototype Unit to Leading Edge and deliver the Prototype Unit to Leading Edge at SRC's facility at 4727 East Kearney Street, Springfield, Missouri 65803, in accordance with the Letter Agreement and Purchase Orders.

37.     Pursuant to the Letter Agreement, Leading Edge agreed to pay SRC $229,365.00 for the Prototype Unit.

38.     SRC performed its obligations under the Letter Agreement, in that it manufactured the Prototype Unit and delivered the Prototype Unit to Leading Edge pursuant to the terms of the Letter Agreement on May 31, 2019, and performed all conditions precedent to performance by Leading Edge.

39.     Leading Edge accepted the Prototype Unit delivered by SRC.

40.     Leading Edge did not reject the Prototype Unit as non-conforming within thirty (30) days of delivery.  §5 of Exhibit B to Letter Agreement.

41.     Pursuant to the Letter Agreement, SRC furnished Leading Edge with an invoice for the sale of the Prototype Unit on January 20, 2020.

42.     Pursuant to the Letter Agreement, payment for the Prototype Unit was due on thirty (30) days from the date of the invoice.  §5 of Exhibit B to Letter Agreement.

43.     In the Assignment, Leading Edge expressly retained its obligations and liabilities under the Letter Agreement relating to the Prototype Unit described in the Letter Agreement.  §2 of Assignment at 2.  Further, Leading Edge expressly reaffirmed and retained responsibility for all obligations and liabilities set forth in the Letter Agreement, including, without limitation, payment of the outstanding principal and interest due to SRC for the Prototype Unit described in the Letter Agreement.  Id.

44.     To date, Leading Edge has failed and refused to pay SRC the outstanding principal and interest due to SRC for the Prototype Unit sold and delivered by SRC in accordance with the Letter Agreement.

45.     The Letter Agreement provides that SRC is entitled to collect from Leading Edge interest on the unpaid amount at the rate of one percent (1.0%) per month.  §4 of Exhibit B to Letter Agreement.

46.     As a direct and proximate result of Leading Edge's breach of contract, SRC has been damaged in the principal amount of $53,746.00 plus interest.  In addition, Leading Edge owes SRC for ongoing storage of the Products at SRC's facility at 4727 East Kearney Street, Springfield, Missouri 65803, other service parts and purchase orders, other incidental damages, and SRC is entitled to interest as specified by the Letter Agreement.

WHEREFORE, SRC prays for judgment in its favor and against Leading Edge, together with prejudgment and post-judgment interest, for its costs herein incurred, and for such further relief as the Court deems just and proper.

Electronically Filed - Greene - May 17, 2021 - 05:54 PM

TURNER, REID, DUNCAN, LOOMER
& PATTON, P.C.

*/s/ Rodney E. Loomer*

By_____
    Rodney E. Loomer, MO Bar No. 24013

*/s/ Jeffrey D. Upp*

By_____
    Jeffrey D. Upp, MO Bar No. 69471

TURNER, REID, DUNCAN, LOOMER
& PATTON, P.C.
1355 E. Bradford Parkway, Suite A
Springfield, MO 65804
(417) 883-2102 (phone)
(417) 883-5024 (fax)
rloomer@trdlp.com
jupp@trdlp.com
ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | |
|---|---|
| SPRINGFIELD REMANUFACTURING CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. _____ |
| ) | |
| LEADING EDGE POWER SOLUTIONS, LLC., ) | |
| ) | |
| and ) | |
| ) | |
| BP-LEP HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE EXHIBITS TO PLAINTIFF'S PETITION UNDER SEAL**

COMES NOW Plaintiff Springfield Remanufacturing Corp. ("SRC"), by and through counsel, and moves for leave to file Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5 to Plaintiff's Petition under seal. In support of the instant Motion, SRC states as follows:

1.     On May 17, 2021, SRC filed its Petition in the instant matter.

2.     Certain materials relating to the subject matter of SRC's Petition contain proprietary business and financial information, are subject to confidentiality agreements, and are protected from public disclosure pursuant to the terms of those confidentiality agreements.

3.     It is SRC's understanding that the Missouri e-filing system requires an Order of the Court to permit an electronic filing under seal. SRC therefore requests an Order of this Court granting it leave to file Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5 to Plaintiff's Petition under seal.

Electronically Filed - Greene - May 17, 2021 - 05:54 PM

WHEREFORE, Plaintiff respectfully requests the Court enter an Order granting SRC leave to file Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5 to Plaintiff's Petition under seal, and for such further relief as the Court deems just and proper.

TURNER, REID, DUNCAN, LOOMER
& PATTON, P.C.

*/s/ Rodney E. Loomer*

By_____
   Rodney E. Loomer, MO Bar No. 24013

*/s/ Jeffrey D. Upp*

By_____
   Jeffrey D. Upp, MO Bar No. 69471

TURNER, REID, DUNCAN, LOOMER
& PATTON, P.C.
1355 E. Bradford Parkway, Suite A
Springfield, MO 65804
(417) 883-2102 (phone)
(417) 883-5024 (fax)
rloomer@trdlp.com
jupp@trdlp.com
ATTORNEYS FOR PLAINTIFF

Electronically Filed - Greene - May 17, 2021 - 05:54 PM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | |
|---|---|
| **SPRINGFIELD REMANUFACTURING CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO. _____** |
| ) | |
| **LEADING EDGE POWER SOLUTIONS, LLC.,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **BP-LEP HOLDINGS, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is Plaintiff Springfield Remanufacturing Corp.'s Motion for Leave to File Exhibits to Plaintiff's Petition Under Seal.  For good cause shown, it is hereby:

ORDERED that Plaintiff Springfield Remanufacturing Corp. is granted leave to file Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5 to Plaintiff's Petition under seal.

_____         _____
DATE                                                    Circuit Court Judge



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MARK A POWELL | Case Number: 2131-CC00545 |
|---|---|
| Plaintiff/Petitioner:<br>SPRINGFIELD REMANUFACTURING CORP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RODNEY EARL LOOMER<br>PO BOX 4043 GS<br>1355 E BRADFORD PKWY<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>LEADING EDGE POWER SOLUTIONS LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Declaratory Judgment | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **LEADING EDGE POWER SOLUTIONS LLC**
                            Alias:

**1278 GLENNEYRE ST**
**#275**
**LAGUNA BEACH, CA 92651**

*COURT SEAL OF*

*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

<u>05/18/2021</u>                         <u>/s/ Thomas R. Barr by ar</u>
          Date                                      Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

OSCA (07-18) SM60 (SMOS) For Court Use Only: Document ID# 21-SMOS-65       1 of 2       (2131-CC00545)       Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                              506.500, 506.510 RSMo

Case 6:21-cv-03146-MDH   Document 1-1   Filed 06/11/21   Page 15 of 21

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* **Document ID# 21-SMOS-65** 2 of 2 (3431-CC09545) Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:21-cv-03146-MDH Document 1-1 Filed 06/11/21 Page 16 of 21



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MARK A POWELL | Case Number: 2131-CC00545 |
|---|---|
| Plaintiff/Petitioner:<br>SPRINGFIELD REMANUFACTURING CORP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RODNEY EARL LOOMER<br>PO BOX 4043 GS<br>1355 E BRADFORD PKWY<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>LEADING EDGE POWER SOLUTIONS LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Declaratory Judgment | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **BP-LEP HOLDINGS LLC**
**Alias:**

**2305 CEDAR SPRINGS RD**
**SUITE 230**
**DALLAS, TX 75201**

*COURT SEAL OF*

*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| 05/18/2021 | /s/ Thomas R. Barr by ar |
|---|---|
| Date | Clerk |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) For Court Use Only: Document ID# 21-SMOS-66      2 of 2      (2431-CC09545)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:21-cv-03146-MDH   Document 1-1   Filed 06/11/21   Page 18 of 21

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

SPRINGFIELD REMANUFACTURING )
CORP., )
)
     Plaintiff, )
)
vs. )     **CASE NO. 2131-CC00545**
)
LEADING EDGE POWER )
SOLUTIONS, LLC., )
)
and )
)
BP-LEP HOLDINGS, LLC, )
)
     Defendants. )

## ENTRY OF APPEARANCE

     Comes now Jeffrey D. Upp, of the law firm of Turner, Reid, Duncan, Loomer & Patton, P.C., and hereby enters his appearance as additional counsel of record for Plaintiff in the above matter.

TURNER, REID, DUNCAN, LOOMER
& PATTON, P.C.

*/s/ Jeffrey D. Upp*

By_____
   Jeffrey D. Upp, MO Bar No. 69471

TURNER, REID, DUNCAN, LOOMER
   & PATTON, P.C.
1355 E. Bradford Parkway, Suite A
Springfield, MO 65804
(417) 883-2102 (phone)
(417) 883-5024 (fax)
jupp@trdlp.com
ATTORNEYS FOR PLAINTIFF



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess Logoff ANDREWDONELAN

**2131-CC00545 - SPRINGFIELD REMANUFACTURING V LEADING EDGE ET AL (E-CASE)**

| Case <br> FV>Header | Parties & <br> Attorneys | Docket <br> Entries | Charges, Judgments <br> & Sentences | Service <br> Information | Filings <br> Due | Scheduled <br> Hearings & Trials | Civil <br> Judgments | Garnishments/ <br> Execution |

**Click here to eFile on Case**        Sort Date Entries: ⦿        Display Options:
**Click here to Respond to Selected Documents**        Descending        All Entries
                                           ○ Ascending

---

05/19/2021 ☐ <u>Entry of Appearance Filed</u>
          Entry of Appearance by Atty Jeffrey D Upp on behalf of Plt; Electronic Filing Certificate of Service./cr
              **Filed By:** JEFFREY DYLAN UPP
              **On Behalf Of:** SPRINGFIELD REMANUFACTURING CORP

        ☐ **Note to Clerk eFiling**
              **Filed By:** RODNEY EARL LOOMER

        ☐ **Exhibit Filed**
          Plts Exhibit 5 to Plaintiffs Petition./cr
              **Filed By:** RODNEY EARL LOOMER
              **On Behalf Of:** SPRINGFIELD REMANUFACTURING CORP

        ☐ **Exhibit Filed**
          Plts Exhibit 4 to Plaintiffs Petition./cr
              **Filed By:** RODNEY EARL LOOMER

        ☐ **Exhibit Filed**
          Plts Exhibit 3 to Plaintiffs Petition./cr
              **Filed By:** RODNEY EARL LOOMER

        ☐ **Exhibit Filed**
          Plts Exhibit 2 to Plaintiffs Petition./cr
              **Filed By:** RODNEY EARL LOOMER

        ☐ **Exhibit Filed**
          Exhibit 1 to Plaintiffs Petition.
              **Filed By:** RODNEY EARL LOOMER

        ☐ <u>Order</u>
          ORDER SIGNED AND FILED THIS DATE. MAP/kkw

05/18/2021 ☐ <u>Summ Issd- Circ Pers Serv O/S</u>
          Document ID: 21-SMOS-66, for BP-LEP HOLDINGS LLC. Summons saved and attached in PDF
          format for Attorney to retrieve from secure case.net./ar

        ☐ <u>Summ Issd- Circ Pers Serv O/S</u>
          Document ID: 21-SMOS-65, for LEADING EDGE POWER SOLUTIONS LLC. Summons saved and
          attached in PDF format for Attorney to retrieve from secure case.net./ar

05/17/2021 ☐ **Filing Info Sheet eFiling**
              **Filed By:** RODNEY EARL LOOMER

        ☐ **Note to Clerk eFiling**

Case 6:21-cv-03146-MDH    Document 1-1    Filed 06/11/21    Page 20 of 21

**Filed By:** RODNEY EARL LOOMER

☐ **Proposed Order Filed**

Plts Proposed Order for Leave to File Exhibits to Plts Petition Under Seal. Sent to Court 05-18-2021 at 2:52 PM./ar

**Filed By:** RODNEY EARL LOOMER

**On Behalf Of:** SPRINGFIELD REMANUFACTURING CORP

☐ **Motion for Leave**

Plts Motion for Leave to File Exhibits to Plts Petition Under Seal./ar

**Filed By:** RODNEY EARL LOOMER

☐ **Pet Filed in Circuit Ct**

Plts Petition./ar

**Filed By:** RODNEY EARL LOOMER

☐ **Judge Assigned**