IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SPRINGFIELD REMANUFACTURING CORP. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:21-cv-03146 |
| LEADING EDGE POWER SOLUTIONS, LLC, | ) |
| and | ) |
| BP-LEP HOLDINGS LLC | ) |
| Defendant. | ) |

**DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE**

COME NOW, Defendants Leading Edge Power Solutions, LLC ("Leading Edge") and BP-LEP Holdings LLC ("BP-LEP"), by and through their attorneys, and for their Suggestions in Support of their Motion to Dismiss state as follows:

**I. Summary of Argument**

Plaintiff's claims should be dismissed for being brought outside of the venue negotiated and designated by the parties to this suit for controversies arising out of the contract that forms the basis of Plaintiff's claims. The contract at issue in this case contains a forum selection clause which requires suit be brought in the United States District Court for the Southern District of New York. The forum selection clause is valid and enforceable under Federal, Missouri, and New York law. There are no allegations or evidence to support fraud, adhesion, or any exceptional circumstance which would invalidate the forum selection clause. For these reasons,

1

this Court should grant Defendants' motion to dismiss, or in the alternative, transfer venue to the United States District Court for the Southern District of New York.

## II. Procedural and Factual Background

This case concerns a dispute over a Letter Agreement ("Contract") concerning the sale of Generator Sets by Plaintiff to Defendant Leading Edge. Leading Edge asserts that Plaintiff has not performed under the Contract and Plaintiff seeks a Declaratory Judgment that it has performed under the Contract. Plaintiff also asserts a claim for breach of contract by the Defendants. The Contract contains the following forum selection clause:

> Jurisdiction and Venue. Leading Edge and SRC each irrevocably and unconditionally submits to the exclusive jurisdiction of and venue in the United States Federal District Court for the Southern District of New York, sitting in Manhattan, New York (or if such court lacks jurisdiction, in the Supreme Court of the State of New York in and for New York County, sitting in Manhattan) for any proceeding arising under this Letter Agreement or any Purchase Order issued pursuant to this Letter Agreement. Leading Edge and SRC each waives, and agrees not to assert in any such dispute, to the fullest extent permitted by applicable law, any claim that: (i) such Party is not personally subject to the jurisdiction of such court; (ii) such Party and Party's property is immune from any legal process issued by such courts; or (iii) any litigation commenced in such court is brought in an inconvenient forum. Each Party hereto consents that all services of process made by certified mail, return receipt requested, directed to it at its address set forth in Section 12(b) below shall be deemed completed when received.

This case was originally filed in the Circuit Court of Greene County, Missouri and has been removed by the Defendants to this Federal Court under 28 U.S.C. §§ 1332, 1441, and 1446. There is complete diversity of the parties and the matter in controversy exceeds the sum or value of $75,000.

### III. Missouri is an Improper Forum

The Contract in this case contains choice of law and forum selection provisions. The Contract specifies on page 9 in paragraph 12(g) that the exclusive venue for claims arising out of the Contract is the United States Federal District Court for Southern District of New York.[1] The Contract further specifies in paragraph 12(f) that all disputes arising out of the Contract are governed by New York law. Despite the plain language of the contract, Plaintiff filed this present action in State Court in Greene County, Missouri. Under the plain language of the Contract it is improper for either State or Federal Courts in Missouri to adjudicate disputes arising out of the Contract.

Federal Courts routinely uphold forum selection clauses in contracts. The Eighth Circuit held that "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). "Where…the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially heavy burden of proof' to avoid its bargain." *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 973–74 (8th Cir. 2012). "[I]nconvenience to a party is an insufficient basis to defeat an

---

[1] The Contract specifies that the Supreme Court of the State of New York in Manhattan, New York is the proper forum if the Federal Court does not have jurisdiction.

3

otherwise enforceable forum selection clause…" *Id.* The United States Supreme Court has held the following:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66, 134 S. Ct. 568, 583, 187 L. Ed. 2d 487 (2013).

Likewise, under both Missouri law and New York law, forum selection clauses are valid and enforceable. "Missouri has long held that freely negotiated forum selection agreements are enforceable so long as doing so is neither unfair nor unreasonable." *Cygnus SBL Loans, LLC. v. Hejna*, 584 S.W.3d 324, 330 (Mo. App. W.D. 2019); *High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.2d 493, 497 (Mo. banc 1992). Under Missouri law, "[a] forum-selection clause is prima facie valid." *Cygnus SBL Loans, LLC,* 584 S.W.3d at 330. Under New York law, "[a] contractual forum selection clause is *prima facie* valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, [or] invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court." *Tucker v. Wyckoff Heights Med. Ctr.*, 52 F. Supp. 3d 583, 600 (S.D.N.Y. 2014).

In this case, the forum selection provision of the Contract is valid and enforceable. Both Plaintiff and Leading Edge are sophisticated businesses that have negotiated at arm's length. There are no allegations of fraud or that the Contract was one of adhesion. While courts have considered the public policy of the forum state when analyzing forum selection clauses (see *Union Elec. Co.* 689 F.3d at 974, but compare with *In re Union Elec. Co.*, 787 F.3d 903 (8th Cir. 2015)), in this case, there are no public policy issues present. This case concerns a dispute over a commercial transaction involving three different sophisticated entities that are citizens of three separate states. Finally, there can be no dispute that Plaintiff's claims do not arise out of the Contract; Plaintiff specifically asks for a declaratory judgment on the Contract and to be awarded damages for an alleged breach of the Contract. For these reasons, dismissal is appropriate, or should this Court not grant such relief, this case should be transferred to the designated venue under the Contract.

**IV. Defendants' Assignment Does Not Make Missouri a Proper Forum**

Though not explicitly pled in Plaintiff's Petition, it appears that Plaintiff will argue that Missouri is a proper forum because of a forum selection clause contained in an Assignment and Assumption Agreement ("Assignment") between the two Defendants. Plaintiff is not a party to the Assignment and Plaintiff's claims do not arise from the Assignment. For these reasons, such an argument fails.

On February 21, 2020, Leading Edge entered into the Assignment with BP-LEP in which it assigned certain rights and obligations under the Contract. Under the Contract, any assignment required written permission of the other party to the Contract. Plaintiff was not a party to the Assignment, nor was it a beneficiary to the Assignment, but signed the Assignment as an Obligor, thereby granting permission for the assignment of rights. The Assignment designated

5

Case 6:21-cv-03146-MDH   Document 4   Filed 06/11/21   Page 5 of 9

this Southern Division of the United States District Court for the Western District of Missouri as the proper forum for any disputes that the Defendants may have against each other under the Assignment. There is no present dispute between the Defendants regarding the Assignment.

Clearly the Assignment does not control venue for Plaintiff's claims. Plaintiff's claims concern the Contract, not the Assignment. Plaintiff is not a party to the Assignment. Even if Plaintiff were a party, Missouri would still not be a proper forum. Plaintiff is asking for a Declaratory Judgment holding that Plaintiff fully performed under the Contract. Plaintiff's other claim is that the Defendants breached the Contract and owe Plaintiff damages. Neither concern the Assignment. While the Assignment and other assignments and agreements not set forth in Plaintiff's Petition may conceivably be used as evidence to support or refute Plaintiff's claims, they do not provide the underlying basis for those claims. Because the controversy at issue concerns the Contract, its forum selection clause controls this present dispute.

## V. Dismissal is a Proper Remedy

Federal Courts may dismiss cases brought in venues outside of an agreed to form selection clause under the theory of *forum non conveniens* rather that transfer under 28 U.S.C. § 1404.

> Where a forum-selection clause is at issue, a court can dismiss for *forum non conveniens* and enforce the forum-selection clause as written (i.e., force the plaintiff to bring its lawsuit in the forum designated by the contract) unless one of two conditions are met. First, there must be no adequate alternative forum available. Second, the court must find that extraordinary circumstances unrelated to the convenience of the parties exist. In forum-selection clause cases, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that

6

having its case dismissed and then having to refile in the forum for which the parties bargained is unwarranted. The practical result is that forum-selection clauses should control except in unusual cases.

*Kanza Const., Inc. v. Kansas City S. Ry. Co.*, 13 F. Supp. 3d 985, 990 (W.D. Mo. 2014); see also *Jan. v. Invasix, Inc.*, No. 4:20-CV-01203-JAR, 2021 WL 168750, (E.D. Mo. Jan. 19, 2021) (pending appeal)(dismissing claims under the theory of *forum non conveniens*); see also *Worley v. Celebrate Child. Int'l, Inc*, No. 1:16-CV-96, 2016 WL 6777899 (E.D. Mo. Nov. 16, 2016)(dismissing rather than transferring a case filed in a venue other than what was designated by a forum selection clause).

In this present case there is an adequate forum available, as designated by the forum selection clause in the Contract. There is no burden in dismissing and requiring Plaintiff to refile in the agreed to forum in the Contract. For these reasons, dismissal is proper.

In the alternative, transfer under 28 U.S.C. § 1404 is the proper remedy. Courts routinely transfer cases that have been improperly filed in venues other than those that are mandatory under a form selection clause. See *In re Union Elec. Co.*, 787 F.3d 903; see also *KnowledgeLake, Inc. v. PFU Am. Grp. Mgmt., Inc.*, No. 4:19-CV-02470-SEP, 2020 WL 1188114 (E.D. Mo. Mar. 12, 2020); see also *Green v. Paz*, No. 4:16 CV 1900 CDP, 2020 WL 555052 (E.D. Mo. Feb. 4, 2020).

### VI. Conclusion

The dispute at issue in Plaintiff's Petition is subject to a valid and mandatory forum selection clause in the Contract. Under that clause, Plaintiff's cause of action must be brought in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York in Manhattan, New York. Missouri is an improper forum for Plaintiff's

7

Case 6:21-cv-03146-MDH   Document 4   Filed 06/11/21   Page 7 of 9

claims under the Contract. Because the clause is valid, mandatory, and because there are no allegations of fraud or extraordinary circumstances that would invalidate the forum selection clause, this Court should dismiss Plaintiff's claims or, in the alternative, transfer venue under 28 U.S.C. § 1404 to the United States Federal District Court for Southern District of New York.

Respectfully submitted,

**BATY OTTO CORONADO PC**

By:    */s/ Andrew J. Donelan*
      STEPHEN H. SNEAD, Esq., MBN 29623
      ANDREW J. DONELAN, Esq., MBN 62850
      901 St. Louis Street, Suite 101
      Springfield, MO 65806
      Phone: 417-886-1683
      Fax: 417-319-2768
      E-mail: ssnead@batyotto.com
      E-mail: adonelan@batyotto.com
      **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was served via ( **X** ) e-filing ( ) U.S. Mail, postage prepaid, ( ) facsimile, ( **X** ) e-mail, and/or ( ) hand delivery, this 11$^h$ day of June 2021, upon:

Rodney E. Loomer, MO Bar No. 24013
Jeffrey D. Upp, MO Bar No. 69471
TURNER, REID, DUNCAN, LOOMER
& PATTON, P.C.
1355 E. Bradford Parkway, Ste A
Springfield, MO 65804
Phone: 417-883-2102
Fax: 417-883-5024
E-mail: rloomer@trdlp.com
E-mail: jupp@trdlp.com
**ATTORNEYS FOR PLAINTIFF**

                                                */s/Andrew J. Donelan*
                                                Attorney

9

Case 6:21-cv-03146-MDH   Document 4   Filed 06/11/21   Page 9 of 9