IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SPRINGFIELD REMANUFACTURING CORP., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 6:21-cv-03146-MDH ) |
| LEADING EDGE POWER SOLUTIONS, LLC and BP-LEP HOLDINGS, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Springfield Remanufacturing Corp.'s ("SRC") Motion to Remand. (Doc. 11). SRC moves the Court to remand the above-captioned case to the Circuit Court of Greene County, Missouri. For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

On May 27, 2021, SRC filed its Complaint in the Circuit Court of Greene County, Missouri. SRC agreed to manufacture and sell to Leading Edge Power Solutions, LLC ("Leading Edge"), and Leading Edge agreed to purchase certain Products (the "Letter Agreement"). Thereafter, in an Assignment and Assumption Agreement (the "Assignment"), Leading Edge assigned its rights, obligations, liabilities, and interest in certain Purchase Orders and Invoices issued pursuant to the Letter Agreement to BP-LEP Holdings, LLC ("BP-LEP"). SRC alleges that in the Assignment, both Leading Edge and BP-LEP expressly acknowledged that "SRC/Obligor accepted, invoiced and fully performed the 2019 Purchase Orders in accordance with the Letter Agreement." Assignment at 1. SRC further asserts that Leading Edge represented that "all obligations owed by SRC/Obligor to Leading Edge/Assignor, on or prior to the [Assignment]

1

Effective Date under the Letter Agreement and the 2019 Purchase Orders and 2019 Invoices have been duly and fully performed." Assignment at 2, §5.

SRC's Complaint contains two counts: (1) a declaratory judgment claim that seeks a declaration of the rights and liabilities of SRC, Leading Edge, and BP-LEP pursuant to the Assignment and the Letter Agreement, as modified by the Assignment; and (2) a breach of contract claim against Leading Edge only that seeks recovery of the principal amount of $53,746.00 owed by Leading Edge under the Letter Agreement, as modified by the Assignment, plus interest and other incidental damages.

While there is a dispute as to whether the units were completed and delivered, it is uncontroverted that the units were not functioning according to specifications set forth in the Letter Agreement. On May 6, 2021, Leading Edge wrote to Plaintiff, outlining its concerns with the units and demanding that $2,013,309.00[1] paid to Plaintiff be put in escrow while certain modifications were added, and a one-hundred-eighty-day period take place to verify that the units meet performance requirements and be free of mechanical issues. If the units did not meet their performance requirements and/or were not free of mechanical failures, Leading Edge demanded that the Defendants be refunded the full amount of $2,013,309.00 paid to Plaintiff. SRC's declaratory judgment claim thus essentially seeks an order that it is not liable for the $2,013,309.00 which Defendants seeks to be refunded if SRC does not meet its obligations under the Letter Agreement.

On June 11, 2021, Defendants filed their Notice of Removal asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, arguing that the amount in controversy is

---

[1] Plaintiff SRC attached the Letter Agreement, Purchase Orders, Invoices, Assignment Agreement, and the Demand Letter to its Complaint as Exhibits 1 through 5, which Defendants note indicates that the $2,013,309.00 amount is pled in SRC's Complaint.

2

$2,013,309.00. SRC maintains that the amount in controversy is only the $53,746.00 pled in its breach of contract claim.

**STANDARD**

"Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) (citation and internal quotations omitted). "It is [the] defendant's burden to prove that removal is proper and that all prerequisites are satisfied." *Jackson County, Missouri v. Trinity Indus., Inc.*, No. 16-CV-0004-W-FJG, 2016 WL 10650701, at *2 (W.D. Mo. Feb. 29, 2016); *see also Bank of America v. Pennington-Thurman*, No. 4:15-CV-381 RLW, 2015 WL 5518728, at *1 (E.D. Mo. Sept. 17, 2015) ("The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the amount in controversy requirement.").

To meet its burden regarding the amount in controversy, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Trinity Indus.*, 2016 WL 10650601, at *2 (citation omitted). "To satisfy the preponderance of the evidence standard, the party seeking removal must offer 'some specific facts or evidence demonstrating that the jurisdictional amount has been met.'" *Id.* (citation omitted).

**DISCUSSION**

There is no dispute that complete diversity of citizenship exists in this case. Therefore, the only question before the Court at this time is whether the amount in controversy in this case is over the $75,000 amount necessary for diversity jurisdiction under 28 U.S.C. § 1332. SRC asserts that the amount is controversy is only the $53,746.00 contained in its breach of contract claim.

3

Defendants maintain that the actual amount in controversy is the $2,013,309.00 at stake pending the Court's judgment on SRC's declaratory judgment claim.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt*, 432 U.S. at 347. For declaratory actions, the value of such equitable relief is equivalent to "the value of the property right sought to be protected…" *United Seating & Mobility, LLC. v. Homen*, 2006 WL 473739, at *2 (E.D. Mo. Feb. 28, 2006) (citing *Hulsenbusch v. Davidson Rubber Co. Inc.*, 344 F.2d 730, 733 (8th Cir. 1965); *see also Sekhon v. BAC Home Loans Servicing*, LP, 519 Fed.Appx. 971, 972 (9th Cir. 2013) (holding that the value of the object of litigation is the amount a Plaintiff could potentially be liable for if their interpretation as to the enforceability of promissory notes is incorrect).

For equitable relief arising out of contract, even when there is a separate breach of contract claim under $75,000, the amount in controversy is determined by "the losses that will follow from enforcement of the contract provisions." *Aire-Master of Am., Inc. v. Heck's Janitorial Supply, Inc.*, 2006 WL 8438474, at *2 (W.D. Mo. Dec. 20, 2006). SRC's apparent argument that its declaratory judgment claim should be ignored for the purposes of establishing the amount in controversy because it only seeks equitable relief has been rejected by federal courts. *See Kisner v Bank of America, NA*, 2011 WL 2160891 (W.D. Mo. June 1, 2011) ("the Court is unmoved by the Plaintiff's protestations that he is primarily seeking injunctive relief") (citing *Hunt*, 432 U.S. at 347); *see also Direct Biologics, LLC v. Kimera Labs, Inc*., 2018 WL 7291438, at *2 (E.D. Mo. Dec. 20, 2018).

SRC notes that the Eighth Circuit "follows the 'plaintiff's viewpoint' in determining whether the amounts in controversy requirement in a removed diversity action is met."

4

*Chochorowski v. Home Depot USA*, 585 F.Supp.2d 1085, 1095 (E.D. Mo. 2008). However, "[t]he question is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is: The question is the actual value of the object of the suit." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010). The amount in controversy in a declaratory action is determined by "the pecuniary effect an adverse declaration will have on either party to the lawsuit." *Fitzgerald Railcar Services of Omaha, Inc. v. Chief Industries, Inc.*, 141 Fed. Appx. 491, 492 (8th Cir. 2005) (quoting *City of Moore v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983)).

In this case, SRC requests that the Court declare that SRC has fully performed under a contract in which the $2,013,309.00 paid to SRC is in dispute. Because the amount in controversy for diversity jurisdiction is measured by the value of the object of the litigation, and because SRC seeks a declaration that it is not liable to Defendants for the $2,013,309.00, the amount in controversy exceeds what is required under 28 U.S.C. § 1332. For this reason, removal to federal court was proper.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants properly removed this case based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, SRC's Motion to Remand (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 11, 2021                                    */s/ Douglas Harpool*
                                                                                       **DOUGLAS HARPOOL**
                                                                                       **United States District Judge**